UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JESSE JAMES PAGAN, LILYANN DAVILA, and JACK COWAN, *on behalf of themselves and all similarly situated persons*,<br><br>Plaintiffs,<br><br>v.<br><br>FANEUIL, INC.,<br><br>Defendant. | Civil Action No. 3:22-cv-297 |

### ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPROVING FORMS OF NOTICE AND NOTICE PLAN, AND DIRECTING IMPLEMENTATION OF THE NOTICE PLAN

The Court, having considered Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement (the "Motion"), the supporting memorandum, the Parties' Settlement Agreement,[1] dated August 31, 2022, the proposed Short Notice, Long Notice, and Claim Form, and being otherwise fully advised in the premises, finds and orders as follows:

### PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1. The Settlement Agreement, attached to the Motion for Preliminary Approval as Exhibit 2 is incorporated fully herein by reference. The definitions used in the Settlement Agreement are adopted in this Order and shall have the same meaning ascribed in the Settlement Agreement.

2. The Court has jurisdiction over the claims at issue in this Action, Plaintiffs Jesse James Pagan, Lilyann Davila, and Jack Cowan, individually and on behalf of others similarly

---

[1] The capitalized terms used in this Order Preliminarily Approving Class Action Settlement, Approving Forms of Notice and Notice Plan, and Directing Implementation of Notice Plan shall have the same meaning as defined in the Settlement Agreement, except as may otherwise be indicated.

situated ("Plaintiffs"), and Defendant Faneuil, Inc. ("Faneuil" or "Defendant") (together with Plaintiffs, the "Parties").

3. This Order is based on Federal Rule of Civil Procedure 23.

4. The Court finds that the Parties' Settlement Agreement, as set forth in Exhibit 2 to the Motion for Preliminary Approval of Class Action Settlement is fair, reasonable, and adequate and is within the range of possible approval, and was entered into after extensive, arm's-length negotiations, such that it is hereby preliminarily approved and notice of the Settlement should be provided to the Settlement Class Members.

5. Plaintiffs allege that this class action arises out of a ransomware attack that was discovered on August 18, 2021, and that Faneuil was the target of a criminal cyberattack in which the attackers accessed and copied certain company records, including records of past and present Faneuil employees ("Data Incident"). Faneuil sent, in February 2022, notification of the Data Incident to approximately 53,476 individuals. 8,534 of those noticed resided in California at the time of the Data Breach. Plaintiffs allege to be among the group of individuals to whom Faneuil sent a notification. Plaintiffs assert claims for: 1) Negligence; 2) Breach of Implied Contract; 3) Unjust Enrichment; and 4) Violations of California's Consumer Privacy Act, Cal. Civ. Code § 1798.100, *et seq* ("CCPA").

6. The relevant terms of the proposed Settlement as follows:

The Settlement negotiated on behalf of the Settlement Class provides for three separate forms of monetary relief: (1) reimbursement for documented out-of-pocket expenses (such as fees for credit reports, unreimbursed bank fees, credit monitoring, or other identity theft insurance product, etc.) and lost time (up to 3 hours at $20 per hour), all of which are subject to a $500 per Class Member cap; (2) reimbursement of documented extraordinary expenses up to $5,000 per

Class Member, and; (3) a $50 cash payment for California Subclass Members. S.A. ¶¶ 2.1, 2.2 and 2.3.

In addition to the potential monetary benefits, Plaintiffs negotiated for additional identity theft protection services for the Settlement Class. All members of the Settlement Class are eligible for and will be provided, in connection with distribution of the Short Notice, with credentials to redeem 24 months of free identity-theft protection, called "Financial Shield" by Pango (formally known as "Aura"). S.A. ¶ 2.4. The 24 months of free identity-theft protection services provided under this Settlement Agreement shall be in addition to any other identity-theft protection and/or credit monitoring services received by Settlement Class Members.

In addition to the foregoing settlement benefits, Faneuil has agreed to implement and maintain certain cybersecurity and business practice enhancements after the Data Incident and due to this Settlement. S.A. ¶ 2.5.1.

## CLASS CERTIFICATION

7.  For the purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23, the Court provisionally certifies the class, defined as follows:

> all persons whose Personally Identifiable Information was maintained on Faneuil's system that was compromised in the Data Breach, and who were sent a notice of the Data Breach. The Settlement Class specifically excludes: (i) Faneuil and its respective officers and directors; (ii) all members of the Settlement Class who timely and validly request exclusion from the Settlement Class; (iii) the Judge and Magistrate Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

The Court also provisionally certifies the following subclass:

> all persons residing in California at the time of the Data Incident, whose Personally Identifiable Information was maintained on Faneuil's system that was compromised in the Data Breach, and who were sent a notice of the Data Breach. The California Subclass specifically excludes: (i) Faneuil and its respective officers and directors; (ii) all members of the Settlement Class who timely and validly

3

request exclusion from the Settlement Class; (iii) the Judge and Magistrate Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

8. The Settlement Class consists of approximately 53,476 individuals. The California Subclass consists of 8,534 individuals, all of whom are also members of the Settlement Class.

9. The Court provisionally finds, pursuant to the Federal Rules of Civil Procedure, that for purposes of this settlement only that: (1) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable; (2) there are questions of law and fact common to the Settlement Class; (3) the Class Representatives' claims are typical of the Settlement Class's claims; (4) the Class Representatives will fairly and adequately protect the Settlement Class's interests; and (5) common issues in this Litigation predominate over individualized ones, and class treatment of this Litigation is superior.

## SETTLEMENT CLASS COUNSEL AND THE CLASS REPRESENTATIVES

10. Jesse James Pagan, Lilyann Davila, and Jack Cowan are hereby provisionally designated and appointed as the Class Representatives. The Court provisionally finds that the Class Representatives are similarly situated to absent Settlement Class Members, and are typical of the Settlement Class, therefore they will be adequate Class Representatives.

11. The Court finds that the Milberg Coleman Bryson Phillips Grossman, PLLC and Attorney David K. Lietz, along with M. Anderson Berry of Clayeo C. Arnold PLC, are experienced and adequate counsel and are provisionally designated as Settlement Class Counsel.

## NOTICE TO SETTLEMENT CLASS

12. The revised forms of the Claim Form, Long Notice, and Short Notice, attached as Exhibits 2, 4, and 6, respectively, to ECF No. 41, are constitutionally adequate, and are hereby

4

approved. The Notice contains all essential elements required to satisfy federal statutory requirements and due process. The Court further finds that the form, content, and method of providing the Settlement Class Notice, as described in the Settlement Agreement, including the exhibits thereto: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the Settlement, their rights under the Settlement, including, but not limited to, their rights to object to or exclude themselves from the Settlement; and (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members.

13. The Notice program set forth in the Settlement Agreement, and described below, satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, provides the best notice practicable under the circumstances, and is hereby approved.

14. The Claims Administrator is directed to carry out the notice program as set forth in the Settlement Agreement.

15. Within thirty (30) days of this Preliminary Approval Order and to be substantially completed not later than forty-five (45) days after entry of this Preliminary Approval Order, the Claims Administrator shall provide Notice to the Settlement Class Members in the manner set forth in the Settlement Agreement.

## CLAIMS, EXCLUSIONS, AND OBJECTIONS

16. The timing of the claims process is structured to ensure that all Settlement Class Members have adequate time to review the terms of the Settlement Agreement, make a claim, or decide whether they would like to opt-out or object.

17. Settlement Class Members will have ninety (90) days from date Notice commences pursuant to the Settlement Agreement to complete and submit a claim to the Claims Administrator. S.A. ¶ 1.6.

18. Settlement Class Members who seek to be excluded from the Settlement Class must sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator, as set forth in the Notices. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. The notice must be postmarked no later than sixty-three (63) days from the date Notice commences pursuant to the Settlement Agreement.

19. Settlement Class Members who comply with the requirements of this paragraph may object to the Settlement, the Attorneys' Fees Request, or the Service Award Requests. Settlement Class Members seeking to object to the Settlement must submit timely written notice of his or her objection. This Notice shall state: Such notice shall state: (i) the objector's full name and address; (ii) the case name and docket number - *Pagan, et al. v. Faneuil, Inc.*., Case No. 3:22-cv-297 (E.D. Va.); (iii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of the objector's settlement notice, copy of original notice of the Data Incident, or a statement explaining why the objector believes he or she is a Settlement Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in

connection with the objection. To be timely, written notice of an objection in the appropriate form must be mailed to the Court only with the Court's address being identified in the notice documents.

20. Any Settlement Class Member who fails to comply with the requirements for objecting to the Settlement shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement, and the Settlement Class Member shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the means described above. Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be through appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

## ADMINISTRATION OF THE SETTLEMENT

21. The Class Representatives, Settlement Class Counsel, and Defendant have created a process for assessing the validity of claims and a payment methodology to Settlement Class Members who submit timely, valid Claim Forms. The Court hereby preliminarily approves the Settlement benefits to the Settlement Class, and the plan for distributing Settlement benefits as described in Section 8 of the Settlement Agreement.

22. The Court appoints Postlethwaite & Netterville APAC ("P&N") as the Claims Administrator. Faneuil shall pay the entirety of contractually agreed upon and authorized Costs of Claims Administration, and the costs of providing notice to the Settlement Class. Services to be performed by the Claims Administrator must be previously approved by Faneuil with such approval not to be unreasonably withheld. These payments shall be made separate and apart from the Settlement benefits.

23. The Court directs the Claims Administrator to effectuate the distribution of Settlement benefits according to the terms of the Settlement Agreement should the Settlement be finally approved.

24. Settlement Class Members who qualify for Settlement benefits and who wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice.

25. If Final Judgment is entered, all Settlement Class Members who fail to submit a claim in accordance with the requirements and procedures specified in the Notice, and who do not timely exclude themselves from the Settlement Class, shall be forever barred from receiving any Settlement benefit, and will in all other respects be subject to and bound by the provisions of the Settlement Agreement, including the Releases, and the Final Judgment.

26. Faneuil, if it does not perform the function itself, shall cause the Claims Administrator to provide (at Faneuil's expense) notice to the relevant state and federal governmental officials as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## FINAL FAIRNESS HEARING

27. A Final Fairness Hearing shall be held on February 16, 2023 at 10:00 a.m. at the Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219, Courtroom 7400, to be noticed on the Settlement Website.

28. The Court may require or allow the Parties and any objectors to appear at the Final Fairness Hearing by telephone or videoconference.

29. At the Final Fairness Hearing, the Court will determine whether: (1) this action should be finally certified as a class action for settlement purposes pursuant to the Federal Rules of Civil Procedure; (2) the Settlement should be finally approved as fair, reasonable, and adequate;

8

(3) Settlement Class Counsel's application for attorneys' fees, costs, expenses should be approved; (4) the Class Representatives' requests for service awards should be approved; (5) the Parties, their respective attorneys, and the Claims Administrator should consummate the Settlement in accordance with the terms of the Settlement Agreement; (6) Settlement Class Members should be bound by the Releases set forth in the Settlement Agreement; and (7) the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement.

30. Plaintiffs' Motion for attorneys' fees, costs, and expenses shall be filed with the Court no later than twenty-one (21) days prior to the Opt-Out and Objection Deadline.

31. Plaintiffs' Motion for Final Approval shall be filed with the Court no later than fourteen (14) days before the Final Fairness Hearing.

## TERMINATION

32. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions in the Litigation, if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In the event that the Settlement is terminated pursuant to the Settlement Agreement, the Parties shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel.

33. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

34. This Order shall have no continuing force or effect if Final Judgment is not entered and shall not be construed or used as an admission, concession, or declaration by or against Faneuil of any fault, wrongdoing, breach, liability, or the certifiability of any class.

35. All proceedings and deadlines in this matter, except those necessary to implement this Order and Settlement, are hereby stayed and suspended until further order of the Court.

## SUMMARY OF DEADLINES

36. The preliminarily approved Settlement shall be administered according to its terms pending the Final Fairness Hearing. Deadlines arising under the Settlement and this Order include, but are not limited to:

| EVENT | DATE |
|---|---|
| Notice Commencement Date ("Notice Date") | November 2, 2022 |
| Deadline for Plaintiffs to File Motion for Attorneys' Fees, Expenses and Service Awards for Class Representatives | December 13, 2022 |
| Deadline for Class Members to Opt-Out of Settlement | January 3, 2023 |
| Deadline for Class Members to Object to Settlement | January 3, 2023 |
| Deadline for Class Members to Submit Claim Forms | February 1, 2023 |
| Deadline for Plaintiffs to File Motion for Final Approval | February 2, 2023 |
| Final Fairness Hearing | February 16, 2023 at 10:00 am |

**ENTERED:**

DATED: October 3, 2022

By: _____/s/_____ *REP*
The Honorable Robert E. Payne
United States District Judge

10